Dykman, J.
The plaintiffs in this action are the executors of the last will and testament of William Zimmerman, deceased, who, in his lifetime, was a copartner in business with the defendants in this action under the firm name of Dieckerhoff, Baffler & Co.
After their qualification as such executors the plaintiffs entered into a written contract with the defendants, as the surviving members of the firm, by which the latter agreed to pay them the sum of $35,000 in full payment of the interest of the decedent in the copartnership property of his late firm, and they acknowledged the receipt of the money in full satisfaction thereof.
The plaintiffs also, by the same written instrument, transferred all the interest of their testator in the copartnership property, and assets to the defendants, and undertook to deliver all letters, accounts, writings and books relating to the transactions of the late firm in the possession of the plaintiffs to the defendants.
The parties also individually released each other from all claims and causes of action in the same instrument.
Now this action is brought by the plaintiffs to procure the nullification of that agreement and for the j recovery of the difference between the sum of money received thereunder and the amount claimed to have been in fact the value of the interest in the copartnership assets and property of the testator of the plaintiffs.
The action is based upon fraud perpetrated by the defendants, and the allegation against them is that they falsely and fraudulently accused the deceased of falsifying the books of account of the firm, and of withdrawing more money from the firm than was shown by his accounts, and also falsely assailed the character and reputation of the deceased, and thereby induced the plaintiffs to make the settlement and execute the agreement.
After the commencement of the action the plaintiffs procured an order for the production and discovery of certain books and papers by the defendants, but the order seemed to be insufficient to effect the purpose of the plaintiffs, and its provisions and scope were enlarged by a subsequent order procured for that purpose.
Still the plaintiffs met with obstruction and embarrassment, and for the purpose of obviating all difficulties and technical objections they made a motion for an amendment and modification of the former order which would grant and allow the plaintiffs a full, free and unobstructed inspection and discovery, with leave to take- copies of each and every of the books and papers of Dieckerhoff, Baffler & Co. from January 1, 1SY0, to July 1, 1880.
*615 This last motion was denied and from the order of denial, the plaintiffs have appealed.
They state also in the notice of appeal their intention to review so much of the two former orders as refused a full -and unobstructed inspection of the books as sought by the first petition. Such review seems unnecessary now, and the defendants have moved to dismiss that portion of the appeal. That motion may therefore be granted without •costs, and without prejudice to the plaintiffs.
Our conclusion respecting the last order leads to its reversal. In no view should the defendants be permitted to ■conceal or withhold any information from the plaintiffs derivable from the books of account, letters or papers of the firm. The plaintiffs are executors and have no personal knowledge of the transactions imfolved in this action. They now claim a large balance due their testator from the defendants, which they say will be exhibited and verified by the books of the firm, while the defendants claim a falsification of the same books by the deceased partner. Toothing can tend more to the elucidation and settlement -of such controversy than an examination of the books themselves, and in the interest of justice the fullest latitude and scope should be allowed on such examination.
Why should these defendants be permitted to charge a counterfeit presentment of these accounts upon the plaintiffs’ testator, and then refuse an examination which will verify or destroy their accusation.
If their charge of falsification be well founded, they should be the first to open and exhibit the books of account in their own vindication, and if their accusation be groundless and they have procured thereby a fraudulent and dishonest settlement the plaintiffs should be furnished with all the means legally procurable to establish the fraud.
The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion should be .granted, with ten dollars costs to the plaintiffs to abide the event.
The appeal from the first orders should be dismissed, without costs and without prejudice to the plaintiffs.
Barnard, P. J., and Pratt, J., concur.